BAKER et al. v. BAKER et al.

(Supreme Court, Appellate Division, Second Department.   March 21, 1899.)

DECREE—STAY.
    An order in an action staying a final decree in another action is practically an injunction, and improper.

On rehearing.   Denied.
For former opinion, see 55 N. Y. Supp. 824.
Reargued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

F. E. Dana, for appellants.
Towns & McCrossin, for respondents.

PER CURIAM.   We appreciate the hardship that our decision in this case entails on the respondents, but we do not see how they can be relieved from that hardship by any application in this action. We do not think that an order denying the motion to appoint a receiver can be changed, in effect, into an order granting a receivership.   Doubtless the plaintiff should account for all the rents that he collected in excess of his share.   We think it entirely probable that, had the parties in the widow's action set up their claim against the plaintiff for rents collected, he might have been charged therewith, and equity done in that action.   It is possible that even now a motion might be made to reopen the case and for a new trial to accomplish this result.   As to this, however, we do not decide.   But the difficulty with the position of the respondents is that, as to their claim against the plaintiff for their share of the rent, unless allowed in the widow's action or enforced against him as receiver, they are simply creditors at large, and until they recover a judgment cannot seize the property of the debtor.   Therefore, as we have already held, the action of the special term in staying the execution of the decree in the widow's suit was practically an injunction, and that in a suit which had been determined.   This, we think, cannot be granted.

The motion for a reargument should be denied, without costs.